# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: S.W.**

**No. 15-0167** (Jackson County 14-JA-51)

## MEMORANDUM DECISION

**FILED**

October 20, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

Petitioner Mother B.J., by counsel Susan Settle, appeals the Circuit Court of Jackson County's January 26, 2015, order terminating her parental rights to one-year-old S.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Ryan M. Ruth, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred denying her a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2012, the Circuit Court of Kanawha County terminated petitioner's parental rights to her older son, subsequent to allegations that petitioner exposed her son to two different methamphetamine labs and abused illegal drugs in the presence of the child. Ultimately, the Circuit Court of Kanawha County terminated petitioner's parental rights because she did not participate in the proceedings, failed to rectify the conditions that led to the filing of the underlying petition, and failed to admit that she had a substance abuse problem.

In July of 2014, petitioner gave birth to S.W. Several days later, the DHHR filed a "Petition for Child Abuse and Neglect Proceedings" alleging that petitioner previously had her parental rights to her older son involuntarily terminated. The DHHR also alleged that petitioner emotionally abused S.W. and used illegal drugs. Thereafter, the circuit court held a series of adjudicatory hearings. While petitioner acknowledged that she was criminally charged with exposing her oldest child to a methamphetamine lab, she testified that she did not understand why her parental rights were previously terminated. West Virginia State Trooper S.P. Demaske testified that he arrested petitioner during the prior proceedings for two counts of attempting to

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

operate a methamphetamine lab, two counts of conspiracy to operate a methamphetamine lab, two counts of possession of methamphetamine with intent to distribute, one count of obstruction, one count of possession of pseudoephedrine in an altered state, one count exposure of methamphetamine to a child, and one count of possession of marijuana with intent to distribute.[2] The circuit court found that petitioner was an abusing parent to S.W. based upon her prior involuntarily termination, the risk she posed to the child based upon her substance abuse history, and her "inability to acknowledge why [her] parental rights to [her other child] were terminated in 2012." Thereafter, at the conclusion of the dispositional hearing, the circuit court denied petitioner's motion for an improvement period and terminated her parental rights to S.W.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner asserts five assignments of error in her brief to this Court.[3] However, petitioner's argument section contains a single argument that is more appropriately couched in terms that the circuit court erred in denying her motion for a post-adjudicatory improvement period.[4] Petitioner's argument ignores controlling statutory law governing abuse and neglect

---

[2]For reasons not apparent from the record, the State dismissed the criminal charges against petitioner.

[3]These errors may be placed in the following categories: 1) insufficient evidence to support the circuit court's findings regarding emergency removal and abuse and/or neglect; 2) error in denying her an improvement period; and 3) error in terminating her parental rights.

[4]Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific

(continued . . . )

proceedings. West Virginia Code § 49-6-5(a)(7)(C) provides, in relevant part that "the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines [t]he parental rights of the parent to another child have been terminated involuntarily." Here, it is undisputed that petitioner's parental rights to an older child were involuntarily terminated in 2012, which clearly constitutes a situation in which the circuit court is not required to make reasonable efforts to preserve the family. Therefore, the DHHR was not required to make reasonable efforts to preserve the family.[5] As such, we find no error in this regard.

For the foregoing reasons, we find no error in the circuit court's January 26, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED:** October 20, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis
Justice Menis E. Ketchum

---

citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure,* then-Chief Justice Menis E. Ketchum specifically noted in paragraph 2 that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, paragraph 7 states that "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief is woefully inadequate as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure. Petitioner's brief does not contain appropriate arguments exhibiting the law presented, the applicable standard of review, cite to appropriate legal authorities relied on, or contain any specific citations to the record. Thus, we decline to address petitioner's other assignments of error as they were not properly developed on appeal.

[5]The Court notes that the circuit court has yet to rule upon the permanent placement of S.W., which in appropriate circumstances may include post-termination visitation.

3